IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:20 CR 262 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTIAN FERGUSON, | ) | **DEFENDANT'S MOTION IN** |
| | ) | **OPPOSITION TO** |
| Defendant. | ) | **GOVERNMENT'S USE OF** |
| | ) | **404 (B) EVIDENCE** |

Now comes the Defendant, Christian Ferguson, by and through defense counsel, John J. Ricotta, and opposes the Government's intention to present evidence in the form of a traffic arrest of defendant and a bodycam video of Cleveland police interacting with defendant.  The parties are presently working together to resolve potential evidentiary issues regarding the government's use of prior recordings and online videos and chat room conversations.  The defendant reserves the right to object if the parties are unable to resolve these issues. On April 22, 2021 the government filed a Supplemental Motion of Intent to offer 404(B) evidence.

The argument opposing the introduction of 404(B) evidence is fully set forth in the Memorandum attached and incorporated herein.

                                                        Respectfully submitted,

                                                        /s/ john j. ricotta_____
                                                        JOHN J. RICOTTA- #0000778
                                                        323 Lakeside Avenue, Suite 210
                                                        Cleveland, Ohio 44113
                                                        jjricotta@aol.com
                                                         216-241-0715
                                                         Counsel for Christian Ferguson

## MEMORANDUM

The government maintains a July 16th, 2019, traffic stop of Mr. Ferguson is admissible under Federal Rules of Evidence 404(B) to establish the Defendant's use of the nickname "Grinch75."

On April 19, 2020, the undersigned watched the video of the traffic stop by Valpariso Police who conducted a traffic stop and eventual arrest of the Defendant. The video is a clear attempt of the government to inflame the jury regarding prior alleged criminal actions of defendant which are not relevant to the instant case. The argument by the government that the evidence is necessary be established identity is disingenuous at best. The Defendant during questioning by the F.B.I. agents admitted using the nickname "Grinch75" which was his electronic screen name used in the Discord chat rooms and provided the government with his email and passwords to ascertain the information.

On April 19, 2021, the undersigned also watched a bodycam video of a Cleveland police officer who responds to the Ferguson home. Mr. Ferguson is agitated, maintaining he has done nothing wrong and after an investigation by the police they agree and leave the scene without effectuating any arrest.

The only reason the government seeks to introduce this evidence is to demean the defendant's character, i.e. (his anger towards authority). It should be noted no crime was charged in the Cleveland case, and to date there is no conviction in the Valpariso case.

The government's supplemental theory is to present this evidence to establish the defendant's motive. As the Court is aware motive is not an element to the crime charged. Assuring arguendo, it is relevant evidence to assist the jurors, the government by its own admission on page (6) of its supplemental brief already possesses video wherein defendant

2

expressly stating his desire to harm law enforcement and his belief the police have harassed him in the past, then the 404(B) evidence is only being offered to assail the defendant's character.

The last argument set forth by the government is premised on any attempt by the defense to create an affirmative defense based upon a theory he was entrapped, coerced, or was "over borne" by the words or actions of undercover informants, the government should be permitted to introduce the videos to show his predisposition, once again this merely an attack on defendant's character, not establishing defendant's predisposition to commit the instant offense.

It should be noted the Valpariso stop was initiated from defendant's improper display of his license plate and the Cleveland police were responding to a complaint by defendant's father, who latter admitted he was not threatened by the defendant, he merely wanted him out of the house.

## **LAW**

A District Court must apply a three-step analysis to evaluate the admissibility of evidence under Rule 404 (b). United States v. Johnson, 27 F. 3d 1186 (6th Cir. 1994).

The government must establish that other bad acts occurred, the specific purpose the evidence is offered, and finally the Court must determine if the probative value of the identified purpose outweigh the risk of unfair prejudice.

Interestingly enough the proffered other acts are not convictions, one did not even lead to an arrest. The government is seeking to use this to prove the defendant's character. The purpose sought by the government to prove identity and motive are not at issue, based upon defendant's previous admissions to the government.

Therefore, the defendant maintains the Fed. R. Evid. 404(a)(1) prohibits the use of this type of evidence and under Fed. R. Evid. 403, the Court shall evaluate the prejudicial effect of potential 404(B) evidence and if it outweighed by its probative value, it must be barred. This evidence should not be permitted to be heard by the jury.

                                      Respectfully submitted,

                                      /s/ john j. ricotta_____
                                      JOHN J. RICOTTA, Esq.
                                      Counsel for Christian Ferguson