IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:20 CR 262 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| V. | ) | |
| | ) | |
| CHRISTIAN FERGUSON | ) | **DEFENDANT'S BRIEF IN** |
| | ) | **SUPPORT OF MOTION** |
| Defendant. | ) | **FOR A JUDGMENT OF** |
| | ) | **ACQUITTAL** |

Now comes the Defendant, Christian Ferguson, by and through counsel John J Ricotta, and respectfully submits a Brief in Support of Defendant's Motion for a Judgment of Acquittal made pursuant to Fed. R. Crim. P. 29(a) at the close of the government's case. The court has reserved decision per Fed. R. Crim P. 29(b).

Respectfully submitted,

/s/ john j. ricotta_____
JOHN J. RICOTTA- #0000778
323 W. Lakeside Avenue, Suite 210
Cleveland, Ohio 44113
jjricotta@aol.com
216-241-0715
Counsel for Christian Ferguson

I.     **THE GOVERNMENT'S CASE**

The Defendant Ferguson was charged with two (2) counts of Attempted Kidnapping in violation of Title 18, U.S.C. Sections 1201(a)(5) and (b).

The government alleged that from on or about March 21, 2020, to on or about May 8, 2020 in the Northern District of Ohio, Eastern Division, the defendant did attempt to unlawfully seize, confine, inveigle, kidnap and abduct Federal Officers of the National Park Service Park Rangers who were engaged in the performance of their official duties.

In order for the jury to find the Defendant guilty of this crime, the government had to prove beyond a reasonable doubt: (1) the Defendant's intent to commit kidnapping and; (2) the Defendant did something that was a substantial step toward committing the crime and strongly corroborating the Defendant's intent to commit the crime of kidnapping.

The trial began on May 3, 2020 and the government rested on May 5, 2020, having called five (5) witnesses in support of their case, at the close of the government's case the defendant moved for a judgment of acquittal.

II.    **GOVERNMENT'S WITNESSES-CASE IN CHIEF**

1.    S.A. Taylor, testified about the opening of the case, and the method the F.B.I. utilized to identify Grinch 75R, latter determined to be defendant, Christian Ferguson. S.A. Taylor also testified he made the determination to employ CHS-1 (a.k.a. Guiness) to befriend the defendant, and to secure incriminating video and audio recordings.

2.    CHS-2 (a.k.a. Steve), testified he was introduced to defendant by Guiness and identified recordings made on May 2, 2020 and on May 8, 2020 wherein the defendant made a number of incriminating statements. CHS- 1 and 2 met at the Camp Beldon Wildlife Area in Lorain, Ohio, during the May 2, 2020 meeting, Guiness instructed defendant to bring him his weapon as they

intended to target shoot and conduct military training exercises. S.A. Taylor testified this was done to ascertain if defendant has a weapon and to possibly confiscate it under guise of shortening the barrel.

The government displayed a video of defendant's plan in the sand on how the attack should be performed.

On May 8, 2020, Guiness selected the Cuyahoga Valley National Park as a location to perform a dry run of the plan.

Upon arriving at the location, a number of video recordings were introduced regarding the plan to make a false emergency call to law enforcement, and to steal their equipment. Guiness makes the false call and unbeknownst to defendant, S.A. Dirker and Park Ranger Budd respond. Neither Dirker nor Budd are confronted as the trio head back to their vehicle, whereupon the defendant is arrested.

### III. DEFENDANT'S ARGUMENT

The defense maintained S.A. Taylor overreacted by his early insertion of Guiness into the 75th Spartans. On cross examination, S.A. Taylor conceded many of the individuals in the chat rooms utilizing discord, were minors ages 14 and 15 years old.

If the Court examining governments' Exhibit 121, Grinch75R on 04/28/2020, explains his plan, but indicates to secret agent Randy Beans (age 14) "it's not happening right now I'm saying that's going to be the first move we don't have a date in stone right now I'm laying what will be."

On May 4, 2020, in a chat room government's Exhibit 126, it is Guiness who writes, "hey I was thinking if we do a place in national park where I'm thinking it be fed park rangers that

3

responds.  They have better equipment than regular pigs, is any close serious like us? Or just pretenders.  Grinch 75R "Alright we still need 3 more Spartans on this."

On May 7, 2020, in Government's Exhibit 129, the day before the arrest, it's clearly Guiness instructing Grinch75R, this is an operation order, an Army template or how to plan a mission.

It is clear from all the testimony and exhibits introduced the evidence established the Defendant at the direction of Guiness is merely making a plan and has not taken substantial steps toward actually committing the crime.

### IV.     OBJECTION TO ON OR ABOUT INSTRUCTION AND DATING OF OFFENSE

Prior to the government resting, the court and counsel meet on the record to discuss the jury instructions.  The undersigned objected to the "on or about instruction" and additionally requested pursuant to Fed. R. Evid. 7 the court strike the surplusage language in Counts 1 and 2 concerning the dates March 21, 2020 to on or about May 8, 2020, as the evidence presented by the government as to the substantive charge of Attempted Kidnapping could only have occurred on May 8, 2020 since it was the only federally controlled land with law enforcement agents present.  The defense maintained the on or about would serve to only confuse the jury.[1]  The court overruled Defendant's Motion to Strike.

### V.     MERELY PREPARING TO COMMIT A CRIME IS NOT A SUBSTANTIAL STEP

The defendant maintains that pursuant to Fed. R. Evid. 29, the court should grant a Motion for Judgment of Acquittal, that events leading up to May 8, 2020, only serve to establish a potential

---

[1] It is interesting to note the first question the jury proposed had to do with the on or about instruction.  Does a specific date have to be specified?

Case: 5:20-cr-00262-SO Doc #: 45 Filed: 05/20/21 5 of 7. PageID #: 261

plan of the defendant Ferguson. The May 8, 2020 by the government's own description was a dry run of the Ferguson plan.

A dry run is by its own definition the mere preparing of the substantive crime of kidnapping. Therefore, as matter of law the court should not have permitted this case to go to the jury.

## VI. LAW

"To attempt a federal crime is not, of itself, a federal crime. Attempt is only actionable when a specific criminal statute makes it impermissible to attempt to commit the crime." *United States v. Anderson,* 89 F. 3d1306, 1314 (6th Cir. 1996). See also, *United States v. Hopkins,* 703 F. 2d 1102, 1104 (9th Cir. 1983).

There is not statutory definition of "attempt." However, many federal statutes defining crimes also expressly proscribe attempts.

Model Penal Code section 5.01(1)(c) provides: "A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the crime, he… purposely does or omits to do anything that, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

In *United States v. Williams,* 724 F. 2d 315 (6th Cir 1983), the Sixth circuit defined two requisite elements of attempt as:

(1) an intent to engage in criminal conduct and;

(2) the performance of one or more overt acts which constitute a substantial step towards the commission of the substantive offense. See also, *United States v. Perryman,* 889 F. 2d 106 (6th Cir. 1989).

The Sixth Circuit and most federal appeals courts have adopted the Model Penal Code's formulation.

The Ninth Circuit has in its case law narrowly defined substantial acts. "[A]ttempt is a term that at common law requires proof that the defend that the specific intent to commit the underlying crime and took some overt act that was a substantial step toward committing that crime." *United States v. Gracidas-Ulibarry,* 231 F. 3d 1188, 1192 (9th Cir. 2000)(enbanc). To be a substantial step "actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *United States v. Goetzke,* 494 F. 3d 1231, 1237 (9th Cir. 2007). Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime. *United States v. Hofus,* 598 F. 3d 1171, 1176 (9th Cir. 2010).

In *United States v. Resendiz-Ponce*, 549 U.S. 102 (2007), the Supreme Court held the defendant's indictment was not defective because it did not allege specific overt act that the defendant committed in violation of 8 USC §1326 (a) attempting to re-enter the United States after having been deported.

The concern of the lower court was a reasonable juror relying on the common meaning of the word "attempt" might determine it correlates intent plus any minor actions leading to the commission of the crime rather than a substantial step which is legally required.

In the instant case, the jury had the same problem contemplated by the Ninth Circuit Court of Appeals.

As one of the first jury questions was:

"Our confusion is centered on "attempt" v. "intended"

6

Which should we be using?

This confusion coupled with the on or about instruction and the range of dates that alleges kidnapping occurred lead to a jury that was thoroughly confused. See Defendant's Exhibit A, B, C, jury questions submitted to the court.

The Supreme Court in *Resendi-Ponce* reasoned it was not necessary for the Government to specify in the indictment the alleged specific overt act, because the common parlance usage of the word "attempt", coupled with the specification of the time and place of the alleged re-entry was sufficient notice to the defendant to be constitutionally sufficient.

Mr. Ferguson's indictment was constitutionally defective, as it failed to specify the exact time and place of the alleged kidnapping. In addition, the government failed to produce the sufficient evidence to establish the defendant's action went beyond the planning stage, thus depriving the defendant has a Sixth Amendment right to a fair trial.

## C O N C L U S I O N

Based upon the foregoing arguments the defendant moves for an entry of an Order of Judgment of Acquittal.

    Respectfully submitted,

    /s/ john j. ricotta_____
    JOHN J. RICOTTA- #0000778
    323 W. Lakeside Avenue, Suite 210
    Cleveland, Ohio 44113
    jjricotta@aol.com
    216-241-0715
    Counsel for Christian Ferguson