IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 5:20CR262 |
| | ) |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| v. | ) UNITED STATES' REPLY IN |
| | ) OPPOSITION TO DEFENDANT'S RULE |
| CHRISTIAN FERGUSON, | ) 29 MOTION TO DISMISS |
| | ) |
| Defendant. | ) |

Now comes the United States of America, by and through counsel, Bridget M. Brennan, Acting United States Attorney, Duncan T. Brown and Jerome J. Teresinski, Assistant United States Attorneys (the "United States"), and respectfully provides this Reply in Opposition to Defendant's Motion to Dismiss Pursuant to Federal Rule of Criminal Procedure 29.

After being convicted by a jury, Christian Ferguson ("Defendant") now claims that he is entitled to relief because his inculpatory conduct could only have occurred on one day, and that this Court erred in providing the jury with a legally appropriate instruction concerning the meaning of "On or about" as it relates to the substantial steps that Defendant took – as alleged in the indictment – over a span of at least three months, culminating in his arrest on May 8, 2020.

The United States submits that the ultimate factfinder, the jury, has spoken on this issue, and it was appropriately within their province to decide the substantial steps that Defendant had taken to commit his crimes. The jury's verdicts were based on the sufficiency of Defendant's guilt beyond a reasonable doubt.  The Court's jury instruction in its totality, was unambiguous and explained the meaning of the phrase "On or about," as that language was found in the standard Sixth Circuit Pattern Jury Instructions. The Court's charge was appropriately given to the jury in

this case. This Court should not disturb the judgment of the jury by overturning their guilty verdicts.

In his brief the defendant mistakenly relies on *United States v. Resendiz-Ponce*, 549 U.S. 102 (2007) to assert that he is entitled to relief. In *United States v. Resendiz-Ponce*, the Court held that simply pleading that an individual "attempted to" commit a crime was sufficient to plead and charge an "attempt" crime – it was not necessary to add allegations of the elements of the "attempt" (i.e., intent plus an overt act) to an indictment. The Court further observed:

> Federal Rule of Criminal Procedure 31(c) is also instructive. It provides that a defendant may be found guilty of "an attempt to commit the offense charged; or ... an attempt to commit an offense necessarily included in the offense charged, if the attempt is an offense in its own right." Fed. Rules Crim. Proc. 31(c)(2)-(3). If a defendant indicted only for a completed offense can be convicted of attempt under Rule 31(c) without the indictment ever mentioning an overt act, it would be illogical to dismiss an indictment charging "attempt" because it fails to allege such an act.

*Id.* at 110, n.7.

Simply put, *Resendez-Ponce* is more consistent with, rather than being opposed to, existing Sixth Circuit law concerning the definition of an "attempt," to commit a crime. . By endorsing a reading that "attempt" does not require a strict constriction of definitions for what, or when overt acts occur, *Resendez-Ponce* is much more aligned with the Sixth's Circuit expansive approach that the definition of an "attempt" be *more* inclusive in determining what conduct constitutes a substantial step, and does not favor a more conditional or restrictive approach to that determination. *See United States v. Bilderbeck*, 163 F.3d 971, 975 (6th Cir. 1999)("attempt is to be construed in a 'broad and all-inclusive manner'").

In *United States v. Williams*, 704 F.2d 315 (6th Cir. 1983), the Sixth Circuit defines the two, *and only two*, requisite elements of a criminal "attempt" as: "(1) an intent to engage in criminal conduct and (2) the performance of one or more overt acts which constitute a substantial step

towards the commission of the substantive offense," those two elements should not be given a narrow or limited application. *Id.* at 321. *Accord United States v. Pennyman*, 889 F.2d 104, 106 (6th Cir.1989); *United States v. Shelton*, 30 F.3d 702, 705 (6th Cir. 1994); 134 F.3d 340, 350 (6th Cir. 1998); and *United States v. Bilderbeck*, 163 F.3d 971, 975 (6th Cir. 1999). However, Defendant's reliance in the instant case on only the two elements of "attempt" should not be misconstrued to mean that the definition of "attempt" should be narrowly interpreted. What can be defined as an overt act is not static, and refinements encourage an objective, and *expansive, not restrictive* construction of what is considered to be a substantial step. quoting *United States v. Reeves*, 794 F. 2d 1101, 1103 (6th Cir. 1986).

The Sixth Circuit also broadly characterizes evidence as sufficient to establish that an "attempt" is committed if such evidence shows that the "defendant's conduct goes beyond 'preliminary activities,' and 'a fragment of the crime [was] essentially … in progress.'" *United States v. Price*, supra at 351, quoting *United States v. Dolt*, 27 F.3d 235, 239 (6th Cir. 1994); see also *United States v. Hadley*, 918 F.2d 848, 853 (9th Cir. 1990).

Moreover, the proof of a substantial step need not be sufficient to prove the criminal intent of a Defendant, but only to corroborate it; the act and intent are ultimately separate inquiries. *Bilderbeck,* 163 F.3d at 975. The standard for evaluating the substantial step element is objective: whether any reasonable person could find that the acts committed would corroborate the firmness of a defendant's criminal intent, assuming that the defendant did, in fact, intend to commit the crime. *Id.*; See also *United States v. Dworken*, 855 F.2d 12, 19 (1st Cir. 1988). In the instant case the jury did, in fact, find that the Defendant committed a substantial step, or determined that he took multiple substantial steps, and so indicated their findings by rendering their guilty verdicts on both counts.

3

In conclusion, the jury was properly charged under Sixth Circuit law, the jury's guilty verdicts were based on sufficient evidence, and their verdicts must not be disturbed. No legal basis exists to require that all substantial steps for an "attempt" to have to occur on one day, or be temporally proximate to the attempted completion of the crime. These legal constructs are simply manufactured by Defendant. Permitting Defendant to parse days or acts out in this way invades the province of the jury who has carefully listened to, and weighed any or all of the admissible evidence as they deemed necessary in order to render their guilty verdicts. *See United States v. Lively*, 852 F.3d 549 (6th Cir. 2017). The jury did not need to agree unanimously about which particular act or actions constituted a substantial step toward the commission of a crime. *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010). Finally, as this Court is well aware, even if the jury determined that only one substantial step was committed (there were many more), that would still be sufficient for the jury to have rendered their guilty verdicts. *United States v. Resendiz-Ponce*, 549 U.S. 102. Defendant's attempts to convince this Court otherwise should be denied. There is no legal basis to disturb the jury's verdicts in this case.

      Respectfully submitted,

      BRIDGET M. BRENNAN
      Acting United States Attorney

By:   /s/ Duncan T. Brown

      Duncan T. Brown (NY: 3982931)
      Jerome J. Teresinski (PA: 66235)
      Assistant United States Attorneys
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      (216) 622-3933/3658
      (216) 522-8355 (facsimile)
      Duncan.Brown@usdoj.gov
      Jerome.Teresinski2@usdoj.gov