IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:20 CR 262 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| V. | ) | |
| | ) | |
| CHRISTIAN FERGUSON | ) | **DEFENDANT** |
| | ) | **CHRISTIAN FERGUSON'S** |
| Defendant. | ) | **SENTENCING MEMORANDUM** |
| | ) | |

Now comes the Defendant, Christian Ferguson, by and through counsel, and pursuant to Fed. R. Crim. 32(i)(3), U.S.S.G. 6B1.4, 18 U.S.C. 3553(a) and 3661, hereby submits the below Memorandum in support of his objections to the Presentence Investigation Report (PSR) and to assist this Court at sentencing.

Respectfully submitted,

/s/ john j. ricotta_____
JOHN J. RICOTTA- #0000778
323 Lakeside Avenue, Suite 210
Cleveland, Ohio  44113
jjricotta@aol.com
216-241-0715
Counsel for Christian Ferguson

**MEMORANDUM**

I.      Statement of the Case

The defendant was charged with two (2) counts of Attempted Kidnapping in violation of 18 USC § 1201(a)(2) and (d).

On May 7, 2021, the defendant was found guilty of both counts by way of a jury trial. This matter was referred to the U.S. Pretrial Services Office for preparation of a presentence Report (PSR).

The PSR failed to award the defendant with a two (2) point reduction for Acceptance of Responsibility and included a two (2) level enhancement for using a dangerous weapon during the commission of the offense.

Mr. Ferguson timely filed objections to these issues and is prepared to argue these objections to assist the Court in its final guideline determination.

II.      Unresolved Objections

A.      ***The Defendant is entitled to a two (2) level reduction for of Acceptance of Responsibility under USSG 3E1.1(a).***

The defendant through counsel has maintained that the Government as to matter of law was unable to submit proof that Ferguson took the requisite overt acts which constituted a substantial step toward the commission of the substantive crime. <u>United States v. Perryman</u>, *889 F. 2d. (106), 6th Cir. (1989).*

The defense has maintained the acts alleged by the government were merely preparation to commit a crime, and not sufficient to constitute a substantial step as legally required. See ECF Doc. #45, Defendant's Rule 29, Motion to Dismiss.

The probation office agrees according to USSG 3E1.1, Application Note (2) states:

2

"A Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute as to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct."

The probation office maintains the defendant must provide a statement to her to establish his Acceptance of Responsibility. The guideline does not require this. If we examine Mr. Ferguson's pre-trial statements and conduct (See paragraph 19 of the PSI), and review his lengthy confession, he clearly admits and accepts responsibility for the conduct alleged by the government.

Counsel has continuously maintained the conduct alleged by the government (i.e., The Defendant's plan to steal firearms and equipment from law enforcement should have been charged as Robbery under 18 USC 2112.)

The defendant's pretrial statements and conduct should be sufficient under 3 E1.1(a) to receive the two (2) level reduction without being forced to make a post-trial statement, which could jeopardize his appellate rights.

(B) ***The Defendant should not receive a two (2) level enhancement under USSG 4.1(3) use of a dangerous weapon.***

As an initial matter the Defendant notes that the government bears the burden of proving by a preponderance of the evidence that an enhancement applies.  <u>United States v. Vandeberg</u>, <u>201 F. ed 805 (6th Cir. 2000) (citing United States v. Martinez</u>,  181 F. 3d 794 (6th Cir. 1999). A review of USSG § 4.1(3) Application Note (2) states:

**"A dangerous weapon was used**" means that a firearm was discharged, or a "firearm" or "dangerous weapon" was "otherwise used" (as defined in the commentary to §1B1.1(Application Instructions.))

The language is clear that used means to have possessed a dangerous weapon during the commission of the substantive crime.  The fact Mr. Ferguson owned a weapon or brought it on May 2, 2020, under the guise of the confidential source earlier promising target practice, is not sufficient to warrant a two (2) level increase.

Assuming arguendo, that USSG 1B1.1 (Application Note J) applies as referenced by the probation office, it is not germane to the issue since brandishing or displaying the firearm to the confidential informant on May 2, 2019,  is not sufficient conduct to overcome the actual discharge of the weapon.

Therefore, the two (2) points should not be assessed for using a dangerous weapon.

**Defendants Request for Variance under 18 USC §3555**

III.

Potential Guideline Ranges

A. If the Court follows the PSR Guidelines the Defendant would face a guideline imprisonment range of 108 to 135 months.  (PSR paragraph 79)

If the court rules in Ferguson's favor on the objections the total offense would be 27, and the guideline range of imprisonment would be 70-87 months.

4

(B)  18 USC §3553 Factors to be Considered in Imposing a Sentence

<u>Nature and Circumstances of Offense</u>

The Court having presided over the trial can reflect on the evidence produced by the government.  One of the important factors to consider regarding the offense is the majority of alleged members of the 75th Spartans were primarily teenagers using a chat room to discuss events that lead to the eventual arrest of Ferguson.  No other member was charged after being investigated by the government.  The only people Ferguson interacted with as it relates to the offense was paramilitary confidential informants employed and paid by the government.

The Court is also cognizant of defense counsel position regarding the legal sufficiency of the proof to sustain the conviction of Attempted Kidnapping.  Interestingly, if Ferguson had been convicted of Robbery under 18 USC § 2112 has a Base Offense Level under USSG §2B 3.1 would have been 20, Criminal History I, a guideline range of imprisonment 33 to 41 months imprisonment.

C.  <u>History and Character of Defendant</u>

The Defendant has had a difficult adolescents.  It appears his mother provided his early guidance and support.

Unfortunately she battled Hodgkin's lymphoma and then suffered long term brain damage from a motor vehicle accident.  Defendant's mother died in December 2016, right before Defendant's 16th birthday.  (PSR paragraph 49)

The defendant then moved in with his father and things began to unravel for defendant. Mr. Ferguson describes his relationship with his father as terrible and indicates his father had a habit of alcohol and drug abuse.  As a result of these problems, his father gave up his parental

5

rights and Ferguson was sent to Belmont Pines. (See report of Dr. Rindsberg provided to the Court, counsel, and probation)

A review of Dr. Rindsberg's Report and Clinical Impressions at page 9 and 10 of his notes describes a history of psychological problems as a result of physical abuse, emotional abuse, witnessing domestic violence, and the tragic loss of his mother.

The Defendant would benefit from mental health treatment, as recommended by Dr. Rindsberg. Mr. Ferguson should be examined by a psychiatrist to determine the need to medicate. A medical plan would balance the ups and downs the defendant suffers as a result of his bipolar disorder, and to help control his impulsive responses to stressful situations.

## **CONCLUSION**

The defendant is requesting the Court grant a downward variance to guideline range of 46-57 months, which would reflect the seriousness of the offense, and serves as just punishment for the offense committed.

A sentence in this range would protect the public from further crimes of the defendant and permit the defendant to receive the mental health treatment he requires.

    Respectfully submitted,

    /s/ john j. ricotta_____
    JOHN J. RICOTTA- #0000778
    323 Lakeside Avenue, Suite 210
    Cleveland, Ohio 44113
    jjricotta@aol.com
    216-241-0715
    Counsel for Christian Ferguson