```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                         EASTERN DIVISION

  UNITED STATES OF AMERICA,         Case No. 5:20cr262
                                    Akron, Ohio
             Plaintiff,             June 1, 2020

       vs.

  CHRISTIAN FERGUSON,

             Defendant.


                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE KATHLEEN K. BURKE
                 UNITED STATES MAGISTRATE JUDGE


                            ARRAIGNMENT
                            (VIA ZOOM)


  APPEARANCES:

  For the Government:       Duncan T. Brown
                            Assistant United States Attorney
                            Northern District of Ohio
                            Suite 400
                            801 Superior Avenue, West
                            Cleveland, Ohio  44113
                            216/622-3933


  For the Defendant:        Carolyn M. Kucharski
                            Office of the Federal Public
                            Defender - Cleveland
                            Northern District of Ohio
                            750 Skylight Office Tower
                            1660 West Second Street
                            Cleveland, Ohio  44113
                            (216) 522-4856
```

Lori A. Callahan, RMR-CRR        (330) 252-6022

```
Court Reporter:        Lori Ann Callahan, RMR-CRR
                       United States District Courthouse
                       Room 568
                       2 South Main Street
                       Akron, Ohio  44308
                       (330) 819-8676
```

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

1  P R O C E E D I N G S
2  - - -
3  THE COURT: I'm not seeing everyone.
4  Okay. So I see Mr. Brown.
5  MR. BROWN: Good morning, Your Honor.
6  THE COURT: And Ms. Kucharski, I believe.
7  MS. KUCHARSKI: Good morning, Your Honor.
8  THE COURT: Defendant Christian Ferguson. Our
9  court reporter, Lori Callahan, and I see we also have Agent
10 Dirker on by video.
11 So you can go ahead and call the case.
12 COURTROOM DEPUTY CLERK: This court is now open
13 for the transaction of business. The Honorable Kathleen B.
14 Burke presiding.
15 The case before the court today carries Case
16 Number 5:20cr262, United States of America versus Christian
17 Ferguson.
18 THE COURT: Good morning.
19 I am going to start, as I always do, by having
20 counsel introduce themselves, starting with counsel for the
21 United States.
22 MR. BROWN: Good morning, Your Honor.
23 For the United States, Duncan Brown. I am joined
24 by Special Agent Kirk Dirker of the FBI.
25 THE COURT: And counsel for the defendant?

1       MS. KUCHARSKI:  Carolyn Kucharski on behalf
2  Christian Ferguson.
3       THE COURT:  Good morning.
4       Ms. Kucharski, have you had an opportunity to
5  discuss with your client, Mr. Ferguson, his right to have
6  his arraignment in person and also his ability to waive that
7  and to consent to having the arraignment conducted by way of
8  video conference?
9       MS. KUCHARSKI:  Your Honor, I did discuss that
10  with him prior to the last hearing.  We did not rediscuss
11  that for purposes of this hearing, but I believe that he's
12  aware of the COVID pandemic and the need to conduct this via
13  video.
14       THE COURT:  Mr. Ferguson, as your counsel
15  indicated, she did have a discussion with you prior to the
16  last hearing about your right to have your hearing in person
17  and also your ability to waive the in-person hearing and to
18  agree to have the hearing, including this one, which is your
19  arraignment, conducted by video conference.
20       So do you understand that?
21       THE DEFENDANT:  Yes, Your Honor.
22       THE COURT:  And do you agree and consent to have
23  your arraignment conducted by video conference?
24       THE DEFENDANT:  Yes, Your Honor.
25       THE COURT:  All right.  Very good.  And then we

1    will proceed.
2              Mr. Ferguson, this is your arraignment on the
3    charges that have been brought against you by way of
4    indictment in this case.
5              During the hearing, I will first see that you are
6    advised of the charges and of the penalties associated with
7    those charges.
8              Second, I will advise you again of your right to
9    counsel and will confirm that you do have an attorney.
10             Third, I will advise you of your right to remain
11   silent.
12             And fourth, I will receive your plea to the counts
13   in the indictment that are directed against you.
14             I don't believe that at this time we will need to
15   address any matter regarding detention or bond.  You did
16   previously waive the detention hearing, and the detention
17   order was (unintelligible).
18             Mr. Ferguson, you are here today on a two count
19   indictment -- what is with that noise?
20             MS. KUCHARSKI:  I think everybody needs to be on
21   mute other than the --
22             THE COURT:  All right.  The defendant is not on
23   mute.
24             Heather, can you see what's going on?
25             (Pause.)

1         THE COURT: Mr. Ferguson, we lost you there for a
2 minute.
3         Can you hear us, Mr. Ferguson?
4         THE DEFENDANT: Yes, I can.
5         THE COURT: Great. Thanks.
6         All right. So I was just saying that you are here
7 today on a two count indictment that was issued on May 20.
8         I would ask counsel for the United States,
9 Mr. Brown, to state the offenses charged under each count
10 and the penalties associated with those offenses.
11         MR. BROWN: Thank you, Your Honor.
12         The defendant is charged in a two-count
13 indictment. Both counts are pursuant to Section 1201(a),
14 which would be the attempted kidnapping. The first count is
15 1201(a)(2) and (d), and the second one is 1201(a)(5) and
16 (d). They're both attempted kidnapping, and the penalty for
17 both is the same.
18         A maximum of 20 years incarceration, a fine of up
19 to $250,000, three years of post-release supervision and a
20 $100 special assessment.
21         THE COURT: All right. Thank you, Mr. Brown.
22         I am now going to talk with you, Mr. Ferguson,
23 about your right to counsel, which we discussed the last
24 time that you appeared.
25         You do have a right to be represented by an

1   attorney at every stage of the proceedings in this case.
2   And as I previously advised you, if you can't afford to hire
3   an attorney, the court would appoint one without cost to you
4   to represent you.
5           Do you understand your right to an attorney?
6           THE DEFENDANT:  Yes, Your Honor.
7           THE COURT:  And the court previously appointed the
8   office of the Federal Public Defender to represent you.
9   Ms. Kucharski from that office is on the video conference
10  today.
11          Do you understand that you are represented by
12  Ms. Kucharski and her office?
13          THE DEFENDANT:  Yes, Your Honor.
14          THE COURT:  All right.  During the remainder of
15  the proceedings today, Mr. Ferguson, I am going to be asking
16  you a number of questions.
17          We have our court reporter present who will be
18  recording my questions and my answers.  We will put your
19  answers (unintelligible) because she cannot record a nod or
20  gestures.
21          COURTROOM DEPUTY CLERK:  Judge, I had to remove
22  him.  He was froze again.  I might -- I am redialing.  He's
23  back.  One second.  If it happens again, we can move him.
24          THE COURT:  Mr. Ferguson, I do see you moving.
25          Are you able to hear me?

1               THE DEFENDANT: Yes, I can hear you. You are just
2    a little bit of static.
3               COURTROOM DEPUTY CLERK: It's bad. Lori is not
4    going to be able to hear you.
5               THE COURT: Lori, are you able to hear us?
6               COURT REPORTER: I won't be able to hear you.
7               THE COURT: Well, if you are only able to hear
8    intermittent words, that's not going to be work for us.
9               Perhaps what we need to do is reschedule this.
10              COURTROOM DEPUTY CLERK: Hold on a second, Judge.
11   Let me call Larry and ask him move him in the next room. It
12   will only take a second. One second.
13              (Pause.)
14              COURTROOM DEPUTY CLERK: Can you hear me?
15              THE DEFENDANT: Yes, I can hear you clear now.
16              COURTROOM DEPUTY CLERK: All right. Sounds
17   like -- I think we're ready.
18              THE COURT: All right. I am hopeful we will do
19   better in this room.
20              I did -- I was telling you before we had the
21   interruption what we were going to be doing here today, and
22   explaining, Mr. Ferguson, that I will be asking you a number
23   of questions.
24              We have a court reporter who will be recording my
25   questions and your answers. She cannot record a nod of the

1  head or other gestures. So you will need to put your
2  answers in words. If you don't understand a question,
3  please say so, and I will do my best to explain it.
4  　　　　Also, if you wish to speak with your attorney,
5  Ms. Kucharski, at any time or any point during the
6  proceeding, please let us know that and we can make
7  arrangements for that.
8  　　　　I do want you to know that the questions are not
9  intended to embarrass you. They are for the purpose of
10 establishing that you are competent to understand the
11 charges against you and competent to enter a plea today.
12 　　　　Do you understand those instructions?
13 　　　　THE DEFENDANT: Yes, Your Honor.
14 　　　　THE COURT: Okay. Mr. Ferguson, you do have the
15 right to remain silent, and you are not required to make any
16 statements, and any statement you do make may be used
17 against you. If you start to make a statement, you may stop
18 at any time. You may also, as I mentioned earlier, speak
19 with your attorney at any time.
20 　　　　Do you understand your right to remain silent?
21 　　　　THE DEFENDANT: Yes, Your Honor.
22 　　　　THE COURT: Okay. The courtroom deputy will now
23 place the defendant under oath.
24 　　　　COURTROOM DEPUTY CLERK: Mr. Ferguson, would you
25 raise your right hand for me, please?

1              (Defendant sworn.)

2              COURTROOM DEPUTY CLERK:  Thank you.

3              THE COURT:  Mr. Ferguson, you are now under oath
4     to tell the truth.  If you choose to answer my questions,
5     your answers will be subject to the penalties for perjury if
6     they are not truthful.

7              Do you understand that instruction?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  I am going to ask you to first to
10    state your full name.

11             THE DEFENDANT:  Christian Stanley Ferguson.

12             THE COURT:  How old are you, Mr. Ferguson?

13             THE DEFENDANT:  20 years.

14             THE COURT:  Are you a citizen of the United
15    States?

16             THE DEFENDANT:  Yes, I am.

17             THE COURT:  How far did you go in school,
18    Mr. Ferguson?

19             THE DEFENDANT:  I went through and I got my
20    scholarship through high school and I went to college for
21    about a year at Ivey Tech, was there mainly for a trade.

22             THE COURT:  Okay.  What trade was that?

23             THE DEFENDANT:  Automotive.

24             THE COURT:  All right.

25             THE DEFENDANT:  I got my certifications as a car

1 technician.

2 THE COURT: Okay. Very good.

3 I take it from your answers to my questions that
4 you can both speak and understand English.

5 Correct?

6 THE DEFENDANT: Yes, Your Honor.

7 THE COURT: And you can also read and write in
8 English.

9 Is that also correct?

10 THE DEFENDANT: Yes, Your Honor.

11 THE COURT: Within the last year, Mr. Ferguson,
12 have you been hospitalized or treated for either a mental
13 illness, a drug addiction or an alcohol addiction?

14 THE DEFENDANT: No, Your Honor.

15 THE COURT: And within the last 24 hours, have you
16 taken any drugs or consumed any medication or alcohol?

17 THE DEFENDANT: No, Your Honor.

18 THE COURT: Have you had an opportunity to discuss
19 with your attorney, Ms. Kucharski, what the purpose of this
20 proceeding is?

21 THE DEFENDANT: Yes, Your Honor.

22 THE COURT: And have you received a copy of the
23 indictment?

24 THE DEFENDANT: Yes, I have.

25 THE COURT: Have you had an opportunity to discuss

1 the indictment with your attorney, Ms. Kucharski?

2 THE DEFENDANT: Yes, Your Honor, I have.

3 THE COURT: Okay. And the purpose of that
4 question is to make sure you had enough opportunity to talk
5 with your attorney that you are able to enter a plea today.

6 So is that the case?

7 Have you had sufficient opportunity to talk with
8 her that you're able to enter a plea today?

9 THE DEFENDANT: Yes, I believe I am supposed to
10 plead not guilty.

11 THE COURT: Okay. We will get to that in a
12 minute.

13 Before I ask you how you plead to the charges in
14 the indictment, you do have the right to have the indictment
15 read into the record, or you can waive the reading of the
16 indictment.

17 Do you wish to waive the reading of the
18 indictment?

19 THE DEFENDANT: It's okay. It can be read, Your
20 Honor. I am sorry.

21 THE COURT: All right.

22 THE DEFENDANT: No, I am sorry.

23 THE COURT: You wish to have the indictment read
24 into the record, or you want to give up your right to have
25 the indictment read into the record?

1 THE DEFENDANT: I would like to have it read into
2 the record.
3 THE COURT: You would like to have it read into
4 the record.
5 Well, in that event, we will have Mr. Brown read
6 the indictment into the record.
7 MR. BROWN: I am sorry, Your Honor, let me pull it
8 up. Give me just one minute to get it on my screen.
9 THE COURT: Ms. Kucharski, did you want to have a
10 discussion with Mr. Ferguson?
11 MS. KUCHARSKI: Your Honor, I was just suggesting
12 that he waive the reading, but it's not a long indictment so
13 if he would prefer to have it read, then I am okay with it
14 being read into the record.
15 THE COURT: All right. It will take us a little
16 while to do that.
17 MR. BROWN: The caption is the United States
18 District Court for the Northern District of Ohio, Eastern
19 Division, United States of America, plaintiff, versus
20 Christian Ferguson, the defendant, with the counts being
21 Sections 1201(a)(2), (a)(5) and (d).
22 General allegations.
23 Paragraph 1, at all times material to this
24 indictment, the National Parks Service, Department of the
25 Interior was engaged in the maintenance, upkeep, care and

1  security of the National Parks System, including the
2  Cuyahoga Valley National Park, CVNP, in a manner affecting
3  interstate commerce and as part of the industry which
4  affects interstate commerce.
5  　　　　At all times material to this indictment, the CVNP
6  was created as a National Recreational Area in 1974 by act
7  of Congress and then in 2000, Congress enacted legislation
8  designating the park a National Park.  The CVNP employs over
9  100 permanent and temporary federal employees.  In 2018,
10 there were over 2 million visitors hailing from Ohio and
11 states outside of Ohio to the CVNP.  The Park is regulated
12 by Title 36 of the Code of Federal Regulations, and Title
13 18, 21 and 54 of the United States Code.
14 　　　　At all times material to this indictment contained
15 within the boundaries of the CVNP is the Cuyahoga River,
16 which is under the direction of the Buffalo, New York,
17 office of the Army Corps of Engineers, as is the Ohio and
18 Erie Canal Towpath, a congressionally recognized National
19 Historic Area.
20 　　　　At all times material to this indictment, the
21 safety of visitors and property traveling to and through the
22 CVNP was insured by Park Rangers of the National Park
23 Service, who are federal officers and employees as defined
24 in Title 18, United States Code, Section 1114 and who carry
25 firearms, body armor and other personal property in the

1    performance of their official duties.

2            Count 1, attempted kidnapping, 18, U.S.C.,
3    Sections 1201(a)(2) and (d).

4            Grand jury charges that paragraph 1 through 4 of
5    the indictment are realleged and incorporated by reference
6    as if fully set forth herein.

7            Paragraph 6, from on or about March 21, 2020 to on
8    or about May 8, 2020, in the Northern District of Ohio,
9    Eastern Division, and elsewhere, Defendant Christian
10   Ferguson did attempt to unlawfully seize, confine and
11   inveigle, kidnap and abduct federal officers of the National
12   Park Service Park Rangers, said attempted seizure,
13   confinement, inveigling, kidnapping and abduction having
14   occurred within the central maritime and territorial
15   jurisdiction of the United States, to wit:  The Cuyahoga
16   Valley National Park, in violation of Title 18, United
17   States Code, Sections 1201(a)(2) and (d).

18           Count 2, attempted kidnapping, 18, U.S.C.,
19   Sections 1201(a)(5) and (d).

20           The grand jury further charges, again, paragraph 1
21   through 4 of the indictment are realleged and incorporated
22   by reference as if fully set forth herein.

23           Paragraph 8, from on or about March 21, 2020 to on
24   or about May 8, 2020, in the Northern District of Ohio,
25   Eastern Division, and elsewhere, Defendant Christian

1  Ferguson did attempt to unlawfully seize, confine, inveigle,
2  kidnap and abduct federal officers of the National Park
3  Service Park Rangers, while the officers were engaged in,
4  and on account of, the performance of their official duties,
5  in violation of Title 18, United States Code, Sections
6  1201(a)(5) and (d).
7  　　　　　A true bill.
8  　　　　　And it is signed by the foreperson of the grand
9  jury.
10 　　　　　THE COURT: All right. Mr. Ferguson, I am now
11 going to ask you how you plead to the charges in the
12 indictment.
13 　　　　　How do you plead to the charges in Counts 1 and 2
14 of the indictment, Mr. Ferguson.
15 　　　　　Guilty or not guilty?
16 　　　　　THE DEFENDANT: Not guilty.
17 　　　　　THE COURT: All right. At this time,
18 Ms. Kucharski, during the last hearing we had, the defendant
19 did waive his right to the detention hearing, although he
20 reserved the right to raise the issue again at a later date.
21 　　　　　Unless I hear from you to the contrary, the
22 detention will continue in effect.
23 　　　　　MS. KUCHARSKI: Your Honor, we are planning on
24 raising the issue of detention with a filing, so for
25 purposes of today's hearing, we don't need to address

1  anything further with regard to detention today.

2          THE COURT: All right. Then, Mr. Ferguson, you

3  will continue in detention at this time. You will be

4  remanded to the custody of the U.S. Marshals pending further

5  proceedings.

6          Very good. Thank you, everybody.

7                C E R T I F I C A T E

8

9    I certify that the foregoing is a correct transcript

10  from the record of proceedings in the above-entitled

11  matter.

12

13              s/Lori A. Callahan
                Lori Ann Callahan, RMR-CRR
14              U.S. District Court, Suite 568
                2 South Main Street
15              Akron, Ohio  44308
                (330) 252-6022

16

17

18

19

20

21

22

23

24

25