```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                         EASTERN DIVISION

    -------------------------------X
    UNITED STATES OF AMERICA,      :  Case No. 5:20-cr-00262
                                   :  Cleveland, Ohio
              Plaintiff,           :
                                   :  Friday, May 7, 2021
         v.                        :  1:20 p.m.
                                   :
    CHRISTIAN FERGUSON,            :  VOLUME 4 - JURY TRIAL
                                   :  (Pages 370 - 388)
              Defendant.           :
    -------------------------------X



              TRANSCRIPT OF JURY TRIAL PROCEEDINGS

          BEFORE THE HONORABLE SOLOMON OLIVER, JR.

             SENIOR UNITED STATES DISTRICT JUDGE



    Court Reporter:       Donnalee Cotone, RMR, CRR, CRC
                          Realtime Systems Administrator
                          United States District Court
                          801 West Superior Avenue
                          Court Reporters 7-189
                          Cleveland, Ohio 44113
                          216-357-7078
                          donnalee_cotone@ohnd.uscourts.gov




    Proceedings recorded by mechanical stenography, transcript
    produced by computer-aided transcription.
```

```
 1    APPEARANCES:

 2

 3    For the Government:    **DUNCAN T. BROWN**

 4                           **JEROME J. TERESINSKI**

 5                           Assistant United States Attorney

 6                           801 West Superior Avenue

 7                           Suite 400

 8                           Cleveland, Ohio 44113

 9                           216-622-3600

10                           duncan.brown@usdoj.gov

11                           Jerome.Teresinski2@Usdoj.Gov

12

13

14    For the Defendant:     **JOHN J. RICOTTA, ESQ.**

15                           910 IMG Center

16                           1360 East Ninth Street

17                           Cleveland, Ohio 44114

18                           216-241-0715

19                           jjricotta@aol.com

20

21    ALSO PRESENT:          Kurt Dirker, FBI Special Agent

22

23

24

25
```

# I N D E X

| | PAGE |
|---|---|
| APPEARANCES | 371 |
| JURY VERDICT | 374 |
| POLLING OF THE JURY | 375 |
| CERTIFICATE | 388 |

```
            1              AFTERNOON SESSION, FRIDAY, MAY 7, 2021
            2                (Proceedings reconvened at 1:20 p.m.)
            3             (In Open Court - Jurors and Defendant Present)
            4                               - - -
13:20:55    5              THE COURT:  You may be seated.
            6        Juror Number 5, are you the foreperson of the jury?
            7              THE FOREPERSON:  Yes, sir, Your Honor.
            8              THE COURT:  Has the jury reached a unanimous
            9   verdict?
13:21:11   10              THE FOREPERSON:  Yes, Your Honor.
           11              THE COURT:  Okay.  Do you have the verdict
           12   form there with you?
           13              THE FOREPERSON:  Yes, sir.
           14              THE COURT:  Okay.  I'm going to have my
13:21:20   15   courtroom deputy step down and come back and get it from
           16   you.
           17        Okay.  I'm going to have my courtroom deputy read the
           18   verdict, and I'm going to ask that you pay close attention,
           19   jurors, while the verdict is being read because sometimes
13:21:59   20   the lawyers would like the jurors to be polled after the
           21   verdict has been read.
           22        When there's a polling of the jury, there's a question
           23   that I will ask each of you, and it will be the same
           24   question, and it will be, is that your verdict, is that your
13:22:16   25   verdict.  I will ask each juror that if they want the jurors
```

1 to be polled. They may not. So pay close attention.

2 JURY VERDICT

3 COURTROOM DEPUTY: Your Honor, in the matter

4 of *United States of America v. Christian Ferguson*, Case

13:22:34 5 Number 5:20-cr-262, Count 1, on the verdict form, "We, the

6 jury, unanimously find the following:

7 "With respect to the charge in Count 1 of the

8 indictment for attempted kidnapping, in violation of 18

9 U.S.C. Sections 1201(a)(2) and (d), we find the defendant,

13:22:55 10 Christian Ferguson: Guilty."

11 "With respect to Count 2, "We, the jury, unanimously

12 find the following:

13 "With respect to the charge in Count 2 of the

14 indictment for attempted kidnapping, in violation of 18

13:23:08 15 U.S.C. Section 1201(a)(5) and (d), we find the defendant,

16 Christian Ferguson: Guilty."

17 THE COURT: Would either counsel like the jury

18 to be polled?

19 MR. BROWN: No, thank you, Your Honor.

13:23:28 20 Thank you.

21 MR. RICOTTA: I would, Your Honor.

22

23

24

25

```
 1                  POLLING OF THE JURY
 2               THE COURT:  All right.
 3         Juror Number 1, is that your verdict?
 4               A JUROR:  It is.
 5               THE COURT:  Juror Number 2, is that your
 6    verdict?
 7               A JUROR:  Yes.
 8               THE COURT:  Juror Number 3, is that your
 9    verdict?
10               A JUROR:  Yes, Your Honor.
11               THE COURT:  Juror Number 4, is that your
12    verdict?
13               A JUROR:  Yes, Your Honor.
14               THE COURT:  Juror Number 5, is that your
15    verdict?
16               A JUROR:  Yes, Your Honor.
17               THE COURT:  Juror Number 6, is that your
18    verdict?
19               A JUROR:  Yes, Your Honor.
20               THE COURT:  Juror Number 7, is that your
21    verdict?
22               A JUROR:  Yes, Your Honor.
23               THE COURT:  Juror Number 8, is that your
24    verdict?
25               A JUROR:  Yes, Your Honor.
```

| | |
|---|---|
| 1 | THE COURT: Juror Number 9, is that your |
| 2 | verdict? |
| 3 | A JUROR: Yes, Your Honor. |
| 4 | THE COURT: Juror Number 10, is that your |
| 13:24:05  5 | verdict? |
| 6 | A JUROR: Yes, it is. |
| 7 | THE COURT: Juror Number 11, is that your |
| 8 | verdict? |
| 9 | A JUROR: Yes, sir. |
| 13:24:10 10 | THE COURT: Juror Number 12, is that your |
| 11 | verdict? |
| 12 | A JUROR: Yes, Your Honor. |
| 13 | THE COURT: All right. So ladies and |
| 14 | gentlemen of the jury, you have discharged your |
| 13:24:19 15 | responsibility. |
| 16 | I told you that when you came to serve as jurors, when |
| 17 | we were talking about jury service, that this is among the |
| 18 | most important responsibility -- one of the most important |
| 19 | responsibilities that we expect of a citizen, and it's a |
| 13:24:39 20 | difficult but important task. And if you've never been |
| 21 | involved in jury service, I think you realize that now |
| 22 | because you're sitting in judgment in a sense, and you're |
| 23 | there because that's what the system takes. |
| 24 | When there's no resolution of a criminal case, when |
| 13:25:00 25 | there's no resolution of a civil case, absent some kind of |

1  trial, then we have to get citizens from the community to
2  come in to hear the evidence, to be as fair as they can be,
3  and then to render the verdict, whichever way it cuts. And
4  that's your responsibility.
5  　　　　And it can be hard. I know it is hard. But, you
6  know, the parties, the Government, the defendant, expect no
7  less. And there is a lot involved here. Mr. Ferguson, of
8  course, was charged with a crime, and his life is on the
9  line, and, of course, you know, he has certain concerns as
10  he sit there during the trial, and the Government, of
11  course, with their responsibility to prosecute crime, had
12  concerns also, both sides. And you just had to work your
13  way through it, and -- without fear or favor, without bias,
14  and make a decision.
15  　　　　So there's no reason to think that any other jury
16  would have done a better job, and you just have to now
17  accept the fact that you've done what you're required to do.
18  　　　　I told you before that you could not talk about the
19  case with anyone outside the courtroom, and you were not to
20  talk about the case except with each other after you started
21  your deliberations.
22  　　　　You are not required to talk to anybody going forward,
23  but you are free to talk to anyone you want about your
24  experience, if that's what you want to do. I don't have any
25  restrictions on that. There are no restrictions on that now

1 because you discharged your duty.

2 I'm going to come over when you -- when I let you out
3 here and go back to the other courtroom where you've been,
4 I'm going to come over for a few minutes to speak with you.
5 And then, you know, you're free to go.

6 Sometimes lawyers like to talk to jurors about, you
7 know, the case and what they decided, and, you know, gather
8 information that way. I don't prohibit that, but I can tell
9 you that you don't have to talk to the lawyers about the
10 case. You don't have to share any information. And
11 sometimes lawyers are not interested in that, but sometimes
12 an individual juror may be willing and ready to talk if a
13 lawyer wants to hear it. Sometimes the jurors have
14 concluded together they will talk. Sometimes they conclude
15 together that none of them will talk. But you're free to
16 make your own decisions on that.

17 So the process -- let me check with counsel, though,
18 before I say anything further, because I want to make sure I
19 haven't overlooked anything. We haven't tried a case in
20 more than a year, and so sometimes it's easy to overlook
21 some things.

22 So let me ask the assistant U.S. Attorneys whether
23 they think I've overlooked anything up to this point.

24 MR. BROWN: I do not believe to.
25 Thank you very much, Your Honor.

1           THE COURT: I'd ask Mr. Ricotta on behalf of
2 the plaintiff [sic] whether he thinks I've been overlooking
3 anything here.
4           MR. RICOTTA: No, Your Honor, other than you
13:28:32 5 reserved ruling on one of our motions.
6           THE COURT: I know.
7           MR. RICOTTA: Other than that --
8           THE COURT: And I will rule on that.
9           MR. RICOTTA: Thank you.
13:28:41 10           THE COURT: Okay. So I'm going to have you
11 now return to the courtroom that has served as your jury
12 deliberation room, and you can begin to gather your things
13 and prepare to say goodbye to each other. And I'll be over
14 in about five minutes, and so I'll knock, and you'll let me
13:29:04 15 in, and I'll be there for a few minutes. All right.
16    So you may go back to the room now.
17           COURTROOM DEPUTY: All rise.
18                 (Jury out.)
19           THE COURT: You may be seated.
13:29:42 20    After the jurors indicated they had reached a
21 verdict -- this is after -- there was some inquiry made of
22 my courtroom deputy about concerns they had for Mr. Ferguson
23 and whether they could write letters of -- I don't know what
24 you would call them -- sympathy or whatever.
13:30:10 25    I told Sharon to tell them when she went back over

1  that I would address that later on, and that I was not
2  sending any response back to that.
3  I didn't know what the verdict was going to be, but
4  they had already said that the verdict had been -- they've
5  decided, and they were done when they said that.
6  I don't know, Mr. Ricotta, whether the client would be
7  interested in receiving anything from them. You know, I can
8  understand the emotion that a person might have.
9  And if he does, would you be willing to receive those?
10  MR. RICOTTA: Yes. I think as long as they go
11  through me and then to my client.
12  THE COURT: Right. And -- but I don't know it
13  would be good to even have them being sent to your address.
14  Maybe you want them to send them to the Court if they've got
15  something for us to forward them?
16  How would you want us to do that?
17  MR. RICOTTA: They could do that, and I can
18  pick them up.
19  THE COURT: Okay. Because I don't know. You
20  know, people have different reactions. I understand that
21  Mr. Ferguson has been here being tried by a jury, and the
22  jury has convicted him. I didn't know what his response
23  would be, but if be -- be willing to receive them, if they
24  ask again, I'll just say, you know, if they got anything
25  they want to write to him, send it down here to Sharon and

1 we'll forward it.

2 Is that acceptable?

3 MR. RICOTTA: Yes, to me.

4 MR. BROWN: Your Honor, the Government would

13:31:53 5 request copies as well. This might become an appellate

6 issue, and we would like to know what those issues may be on

7 appeal as they're being developed.

8 THE COURT: Okay. Okay. You -- all right.

9 MR. BROWN: Thank you.

13:32:15 10 THE COURT: And it may not be any. It may not

11 be any. But I just was trying to figure out what to say to

12 them.

13 Well, I think that's all for today. All right.

14 MR. RICOTTA: Are you going to rule on that

13:32:30 15 motion, Judge?

16 THE COURT: Yeah, but I'm not going to rule on

17 it today.

18 MR. RICOTTA: Okay.

19 THE COURT: Because I need to get that in

13:32:41 20 front of me and look at it.

21 MR. RICOTTA: All right. And he's going to be

22 referred for a presentence investigation?

23 THE COURT: He is, I'm sorry. Yeah.

24 He'll be referred to pretrial and probation so that

13:32:55 25 they can get a report going.

Case: 5:20-cr-00262-SO Doc #: 81 Filed: 12/22/21 13 of 19. PageID #: 1122

382

|   |   |
|---|---|
| 1 | MR. BROWN: Your Honor, are you requesting |
| 2 | briefing on the Rule 29, or -- |
| 3 | THE COURT: Well, I think that the main issue |
| 4 | raised in the motion and in the trial was whether -- whether |
| 13:33:14   5 | certain things constituted mere preparation or were they |
| 6 | steps.  I think that's -- those were -- |
| 7 | MR. RICOTTA: Yeah.  I think that's the key |
| 8 | issue.  And the other key issue is whether the substantial |
| 9 | step has to be somewhat contemporaneous with the substantive |
| 13:33:33  10 | act -- |
| 11 | THE COURT: Yeah. |
| 12 | MR. RICOTTA:  -- not something done a week |
| 13 | before -- |
| 14 | THE COURT: Right. |
| 13:33:36  15 | MR. RICOTTA:  -- which, to me, would be mere |
| 16 | preparation, not a substantial act to complete the |
| 17 | substantive crime. |
| 18 | THE COURT: Well, why don't I do this:  Why |
| 19 | don't I have -- would you agree that you would file |
| 13:33:54  20 | simultaneous briefs, no more than ten pages? |
| 21 | MR. BROWN: Very good. |
| 22 | THE COURT: And then if -- you can respond to |
| 23 | each others' briefs. |
| 24 | MR. RICOTTA: Okay. |
| 13:34:07  25 | THE COURT: Is that all right? |

Case: 5:20-cr-00262-SO Doc #: 81 Filed: 12/22/21 13 of 19. PageID #: 1122

382

```
 1                    MR. BROWN:  Your Honor, are you requesting
 2   briefing on the Rule 29, or --
 3                    THE COURT:  Well, I think that the main issue
 4   raised in the motion and in the trial was whether -- whether
 5   certain things constituted mere preparation or were they
 6   steps.  I think that's -- those were --
 7                    MR. RICOTTA:  Yeah.  I think that's the key
 8   issue.  And the other key issue is whether the substantial
 9   step has to be somewhat contemporaneous with the substantive
10   act --
11                    THE COURT:  Yeah.
12                    MR. RICOTTA:  -- not something done a week
13   before --
14                    THE COURT:  Right.
15                    MR. RICOTTA:  -- which, to me, would be mere
16   preparation, not a substantial act to complete the
17   substantive crime.
18                    THE COURT:  Well, why don't I do this:  Why
19   don't I have -- would you agree that you would file
20   simultaneous briefs, no more than ten pages?
21                    MR. BROWN:  Very good.
22                    THE COURT:  And then if -- you can respond to
23   each others' briefs.
24                    MR. RICOTTA:  Okay.
25                    THE COURT:  Is that all right?
```

|  |  |
|---|---|
| 1 | MR. RICOTTA: That's fine. |
| 2 | THE COURT: I say no more than ten pages |
| 3 | because I want you to be pinpoint. I don't want to -- I |
| 4 | don't want, like, 30 pages. I want you to say, here -- if |
| 13:34:20  5 | you're the Government and you're saying, here are the things |
| 6 | he did, so forth, and these are the things that constitute |
| 7 | more than preparation, and, you know -- but you can |
| 8 | just -- you don't have to -- you don't have to quote all of |
| 9 | it. Just point out what they are. |
| 13:34:37  10 | And then, Mr. Ricotta, in terms of your brief -- I |
| 11 | mean, in addition to those were mere planning, you know, |
| 12 | that there had to be a specific date or plan in mind in |
| 13 | terms of a specific kidnapping that was going to take place, |
| 14 | if that's the requirement that you think is most important, |
| 13:34:59  15 | hone in on that. |
| 16 | MR. RICOTTA: Okay. |
| 17 | THE COURT: And then I'll give you the short |
| 18 | period of time. |
| 19 | Ten pages, I said? |
| 13:35:06  20 | MR. BROWN: You said ten, yes. |
| 21 | THE COURT: How much time? |
| 22 | MR. BROWN: Today is the 7th, Your Honor. |
| 23 | Yeah, I'm trying to do a little mathematics here in my |
| 24 | head. |
| 13:35:24  25 | How about the 22nd, which I believe is ten days. |

1        I'm pulling up my phone, Your Honor, only to look at a
2    calendar, not to --
3        19th, Your Honor?  Wednesday, May 19th?
4                THE COURT:  What did you say?
13:35:46  5      MR. BROWN:  Wednesday, May 19th is
6    approximately ten days.
7                THE COURT:  Is that all right for you?
8                MR. RICOTTA:  Let's make it the 20th.  I like
9    a round number.
13:35:57 10              THE COURT:  Okay.  Is that a weekday?
11               MR. BROWN:  Yes, that's a Thursday.
12               THE COURT:  All right.  Then make it May 20th.
13       And then what do you need --
14               MR. BROWN:  One week, Your Honor.
13:36:04 15              THE COURT:  -- after the -- May 20.  What do
16   you need to respond to each other?
17               MR. BROWN:  Your Honor, could we have the
18   26th?  That's not a round number, but, you know, it's
19   Wednesday the next week.
13:36:10 20              THE COURT:  What would be the date?
21               MR. BROWN:  Pardon me, Your Honor?
22               THE COURT:  What was the date?
23               MR. BROWN:  The 26th.
24               THE COURT:  26th.
13:36:18 25              MR. BROWN:  Yes.

|   |   |
|---|---|
| 1 | THE COURT: Okay. |
| 2 | Is that all right? |
| 3 | MR. RICOTTA: Yeah. Do you want me to respond |
| 4 | first, or are we going to respond at the same time? |
| 13:36:24  5 | MR. BROWN: As I understand it, it's we |
| 6 | both -- |
| 7 | MR. RICOTTA: We both do it? We both -- |
| 8 | MR. BROWN: -- file it on the 20th -- |
| 9 | MR. RICOTTA: Okay. |
| 13:36:27 10 | MR. BROWN: And then we have until the 26th |
| 11 | to -- |
| 12 | MR. RICOTTA: To rebut? |
| 13 | MR. BROWN: -- respond to whatever is filed on |
| 14 | the 20th. |
| 13:36:30 15 | MR. RICOTTA: Respond, okay. |
| 16 | THE COURT: And I said that -- I let you do it |
| 17 | that way because you have some overlapping issues that you |
| 18 | think are important, but you have some -- Mr. Ricotta has a |
| 19 | particular focus issue that he wants to stress, and he can |
| 13:36:46 20 | stress others, but I take it that's the case. |
| 21 | And you'll respond. You may even deal with it up |
| 22 | front about whether there has to be -- |
| 23 | He's saying, I think -- Mr. Ricotta is saying, look, |
| 24 | there were a lot of planning going on and all that, but |
| 13:37:04 25 | there has to be ultimately some plan to commit a kidnapping |

|  |  |
|---|---|
| 1 | at a particular time and date, and that the date that was |
| 2 | involved here wasn't it. |
| 3 | So -- and I know your position has been the opposite |
| 4 | of that. So that's what we're trying to -- |
| 13:37:24  5 | MR. BROWN: Yeah. Just one point of |
| 6 | clarification, Your Honor. You had outlined those two |
| 7 | points. You had said that he could raise other points. |
| 8 | Are there things that were not raised in your original |
| 9 | Rule 29 that he's allowed to raise? |
| 13:37:37 10 | THE COURT: No, neither one of you are allowed |
| 11 | to raise any points that weren't raised before. |
| 12 | MR. BROWN: Okay. I just wanted to make sure. |
| 13 | Thank you, Your Honor. |
| 14 | THE COURT: Yeah. The motion was made at the |
| 13:37:48 15 | end of the Government's evidence, and so that's what we're |
| 16 | talking about. And I -- I'm just going by what I heard. |
| 17 | The arguments I heard were preparation versus concrete |
| 18 | steps. |
| 19 | MR. RICOTTA: And I think I did raise the |
| 13:38:08 20 | question of the particular date rather than the range of |
| 21 | dates. Isn't that game? |
| 22 | I mean, that seems to be something that caused them |
| 23 | difficulty, since we didn't have a specific date for the |
| 24 | substantive crime. So I think they all work in conjunction. |
| 13:38:27 25 | THE COURT: Well, it sounds like it's part and |

1  parcel, but just write it up and we'll see where we go.

2          MR. RICOTTA:  All right.  It will be under ten

3  pages, I can assure you.

4          THE COURT:  All right.  And I just wanted to

13:38:42  5  be clear on one last thing.  We made a record yesterday to

6  some extent on the *Allen* charge, and I think we were pretty

7  clear on that.  We said that we were in agreement on that.

8  But I just wanted to make sure the record reflected

9  that.  We had the three other questions from the jury, and I

13:38:58 10  took time to write those up, and then we came out and made a

11  record on those.

12  And then the last question was, "We are unable to come

13  to a decision."  I discussed this matter with the lawyers,

14  and we went -- we had several ideas as to what we should do,

13:39:16 15  whether we just send them back, or we send them back with

16  the *Allen* charge.  And we agreed after discussion that the

17  Court would do that.  And we all, of course, had the *Allen*

18  charge -- understood what the *Allen* charge was.

19  And I just wanted to verify that.  Although, I did say

13:39:36 20  that yesterday; is that correct?

21          MR. BROWN:  Yes, Your Honor.  That is correct.

22          MR. RICOTTA:  That is accurate, Your Honor.

23          THE COURT:  Okay.  I think that's all.

24          MR. RICOTTA:  Thank you.

13:39:43 25          MR. BROWN:  Thank you, Your Honor.

```
13:39:50
```

1  MR. TERESINSKI: Thank you, Your Honor.

2  MR. BROWN: Thank you.

3  And, Your Honor, just so the record is completely

4  clear, the Government is requesting that the defendant be

5  remanded into the custody of the marshals pending sentence.

6  THE COURT: We'll continue that for now.

7  MR. BROWN: Thank you.

8  - - -

9  (Proceedings adjourned at 1:40 p.m.)

10

11  **C E R T I F I C A T E**

12

13  I certify that the foregoing is a correct transcript

14  from the record of proceedings in the above-entitled matter.

15

16  */s/ Donnalee Cotone*          *22nd of December, 2021*
   DONNALEE COTONE, RMR, CRR, CRC                    DATE
17  Realtime Systems Administrator

18

19

20

21

22

23

24

25