```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF OHIO
                          EASTERN DIVISION

                              - - - - -


   UNITED STATES OF AMERICA,    )
                                )
               Plaintiff,       ) Case No. 5:20CR262
                                )
        vs.                     )
                                )
   CHRISTIAN FERGUSON,          )
                                )
               Defendant.       )


                              - - - - -


       TRANSCRIPT OF PROCEEDINGS BY ZOOM HAD BEFORE THE

       HONORABLE JUDGE SOLOMON OLIVER, JR., JUDGE

       OF SAID COURT, ON THURSDAY, APRIL 1ST, 2021,

            COMMENCING AT 11:30 O'CLOCK A.M.

                              - - - - -




    Court Reporter:           GEORGE J. STAIDUHAR
                              801 W. SUPERIOR AVE.,
                              SUITE 7-184
                              CLEVELAND, OHIO 44113
                              (216) 357-7128

                              - - - - -
```

1     APPEARANCES:

2         On behalf of the Government:

3             OFFICE OF THE U.S. ATTORNEY
            BY: DUNCAN BROWN, AUSA
4                   JEROME TERESINSKI, AUSA
            801 W. Superior Avenue, Suite 400
5             Cleveland, OH 44113

6

7         On behalf of the Defendant:

8             JOHN RICOTTA, ESQ.
            910 IMG Center
9             1360 East Ninth Street
            Cleveland, OH 44114
10

11                 - - - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE COURT: Good morning. How y'all doing? |
| 3 | This is the case of United States versus |
| 4 | Christian Ferguson. The Case No. is 5:20CR262. |
| 5 | This is a telephonic pretrial in this |
| 6 | criminal case. I am holding right now all of those |
| 7 | pretrials by telephone because of the dangers associated |
| 8 | with the Coronavirus. Hopefully, in the next two, three |
| 9 | months things might be different in light of the vaccine, |
| 10 | which is now being fairly widely disseminated. |
| 11 | The purpose of the call really is for me to |
| 12 | get a status update from counsel in terms of where the |
| 13 | case stands. Right now we are scheduled to go to trial |
| 14 | on May 3rd. |
| 15 | I anticipate we will be based on all |
| 16 | conversations with counsel, but we want to verify that |
| 17 | and also see if there are any outstanding issues that |
| 18 | need to be addressed. |
| 19 | Defendant is not present at the conference. |
| 20 | We are especially careful to make sure that none of his |
| 21 | rights are unfairly compromised during the course of this |
| 22 | conference. |
| 23 | Will counsel for the United States introduce |
| 24 | themselves for the record? |
| 25 | MR. BROWN: Thank you, your Honor. AUSA |

1  Duncan Brown, and I am joined by AUSA Jerome Teresinski.
2              MR. TERESINSKI:  Good morning, your Honor
3              THE COURT:   Good morning.
4              And will counsel for Defendant Christian
5  Ferguson introduce himself for the record?
6              MR. RICOTTA: Yes.  Your Honor, John Ricotta
7  for Christian Ferguson.
8              THE COURT:  All right.  Thank you.
9              Mr. Ferguson has had other counsel, and
10 after he wanted new counsel, I reviewed the matter and he
11 was fine with new counsel Mr. Ricotta and has been
12 counsel for him now for sometime.
13             My understanding is we are all prepared to
14 go to trial in this case.  The judges in the Court have
15 been proposing the time trials could commence because of
16 the virus, but we now seem fairly firm that trials can go
17 forward in May.
18             At least, that's the current understanding
19 by the Court.
20             We are making sure not more than two trials
21 are going forward at any one time, and we also are trying
22 to make sure that we go forward with trials that will not
23 last for a very long period of time.
24             I think we have indicated that all the
25 trials that would last no more than one week would be

1  those that would be tried at this time.  But that's kind
2  of the background of it all.
3              Let me turn to Mr. Brown and Mr. Teresinski
4  to go ahead and give me your status of the update and any
5  thoughts you have so far.
6              MR. BROWN:  Your Honor, the Government is
7  preparing in anticipation of starting trial on May 3rd.
8  You are correct, we don't anticipate this to be an overly
9  long trial, probably two at most three days.
10             I would say the three days of trial
11 testimony, that would include audio and visual
12 recordings, and that is currently where we stand.  I have
13 been in regular contact with Mr. Ricotta about
14 disposition, and I will speak frankly, I don't hold out a
15 lot of hope, so we are preparing for trial.
16             THE COURT:  All right.  Mr. Ricotta?
17             MR. RICOTTA:  Yes, your Honor.  I think
18 those representations are accurate.  My client has been
19 steadfast or maintaining innocence and prepared to go to
20 trial.
21             THE COURT:  All right.
22             MR. RICOTTA:  The only thing I would add,
23 your Honor, as relates to audio and video, they are
24 rather lengthy.  So I don't know what the Government's
25 position is, if they are going to try and somehow edit

1  these.
2          And I need to know this because it may be
3  difficult, because if you take out -- I mean, I am not
4  sure how I will approach that if you are taking out what
5  he said earlier than just using bits and pieces of the
6  so-called confession, for example.
7          MR. BROWN:  Your Honor, we will be reducing
8  the amount of time or will be clipping the videos.  There
9  is a confession video.  There are also recordings made
10 the day of the arrest that we will be, for lack of a
11 better word, plumbing to make sure the trial doesn't get
12 bogged down into a long stretch of audio or visual.
13         THE COURT:  Okay.  You are going to give
14 Mr. Ricotta beforehand what you intend to use?
15         MR. BROWN:  Yes, your Honor.  We already
16 started to identify which clips, and as we start
17 finalizing those, I will provide him with a listing of
18 what we plan to use and then when we get them clipped,
19 copies of them.
20         MR. RICOTTA:  Yeah, because I may have some
21 difficulty with that process, but we will take it as it
22 is accomplished.
23         THE COURT:  Did he give this to you,
24 Mr. Ricotta, make you aware what he is going to use in
25 hopefully sufficient time so you can tell him if you have

1    problems.
2            He may or may not change that, but he may.
3    If he doesn't, then, of course, you know, you have to
4    make your motion in limine or whatever else you feel
5    appropriate.
6            MR. RICOTTA:  Yeah.  The sooner the better I
7    guess, as soon as he can get them.  These months seem to
8    fly by.  Maybe because I am getting old.
9            THE COURT:  Hey, don't talk about old.
10   Okay.
11           (Laughter.)
12           THE COURT:  Let's see here, we need to have
13   some time frames though.  The last criminal trial order
14   we put on, we moved it now to May 3rd.  We had a final
15   pretrial conference set for April 1st.  I guess that's
16   what this is.  But I guess I should give you a little
17   time to file motions because we don't want to get bogged
18   down in the middle of trial if we don't have to over
19   issues about worrying how much is played or not.
20           MR. BROWN:  Well, your Honor, if I might, we
21   have provided the full recordings and I believe also the
22   transcripts well in advance.  So we are really just
23   talking about editing down.
24           And Mr. Ricotta is going to be available to
25   make his own presentation of audio or video if he wants

1     as well from the same sets of documents we are using.
2                THE COURT: Okay.
3                MR. BROWN: The Government's position, if he
4     wants a certain thing played, that's something the
5     defense would do in their case.
6                If it is a challenge of a transcription,
7     that's may be something different.
8                MR. RICOTTA: Well, I don't know until I see
9     it, I guess.
10               THE COURT: Yeah. And then, I don't know if
11    he is saying that rule of completeness should require
12    that certain things be played in context or whether this
13    would be a situation like you say, Mr. Brown, where if he
14    wants more played, he can play it. You don't have to
15    play everything, and I guess I don't know -- because I
16    don't know what you are going to be playing and don't
17    have the motion in front of me for the full thought
18    process.
19               MR. RICOTTA: For example, the interviews
20    could be over two hours long, and they may take ten
21    seconds of two hours, which doesn't seem to be fair for a
22    jury to evaluate.
23               THE COURT: Well --
24               MR. RICOTTA: -- or something along that
25    line.

1         THE COURT: You are saying you think it
2 should be played for two hours?
3         MR. RICOTTA: It may or maybe I will say we
4 can cut back on this and that, not just to ten seconds.
5 You know what I mean?
6         THE COURT: Yeah.
7         MR. RICOTTA: Just so the jury has flavor of
8 what this kid was going through that evening, rather than
9 just a snippet of what he may have said in two hours or
10 two and-a-half hours, whatever the length is. It is
11 fairly long.
12         THE COURT: Well, I don't know because I
13 haven't looked at it, but we won't -- I don't think we
14 want to go through two hours unless there is some sense,
15 you know, that he was questioned in a certain way or this
16 and that, you know, in what context.
17         And some of that can be edited, but just to
18 spend the whole time, if it doesn't go to whether he is
19 confessing or whether he is being forced to confess or
20 something like that.
21         MR. RICOTTA: Right. I understand. I think
22 we can accomplish it. But I'm just saying I don't know
23 until I see it, I guess.
24         THE COURT: Okay. And I will say that any
25 trial documents that are going to be filed should be

```
 1  filed no later than 4:00 o'clock one week before the
 2  trial.
 3              MR. RICOTTA:  How about Jencks material,
 4  Judge?
 5              THE COURT:  Well, I usually don't get
 6  involved in that unless it's necessary.
 7              MR. BROWN:  Well, I mean, we are often
 8  called on about Jencks prior to the witness' testimony.
 9              MR. RICOTTA:  Every trial I have had with
10  the U.S. Attorneys in this district always provided
11  earlier than the day of the trial.
12              MR. BROWN:  Well, look --
13              MR. RICOTTA:  It is just a question of when.
14              MR. BROWN:  Maybe there can be an outline
15  about some understandings about how the PHSes will be
16  identified or how their identifications will be sort of
17  protected.
18              THE COURT:  Yeah.  My experience, in
19  general, if you have several witnesses over several days
20  and as you are getting to a witness, that you provide
21  enough so that defense counsel has an opportunity to view
22  the material.
23              Perhaps that might be the night before or
24  day before, whether the witness will be on the next day
25  or something like that, but usually, it is not right at
```

1  the time the witness is coming up.
2          MR. BROWN: No. The vast majority of what
3  we consider Jencks would be audio and video recordings
4  that have already been turned over.
5          THE COURT: All right. Okay. So the trial
6  documents that you are to have is one week before trial,
7  and I think that's all we need to essentially deal with
8  now, and then we will see how the other issues come up.
9          MR. RICOTTA: What time are we starting on
10 May 3rd, Judge?
11         THE COURT: 9:00 clock, but you should be
12 here sooner because we have got to pick the jury, and we
13 have got some new protocols we will be in contact with
14 you about.
15         We have jury questionnaires we will have
16 given to the jurors to complete, potential jurors to
17 complete. We will have those ready for you that morning,
18 and so we may get those at 8:30 or so, what have you.
19         As soon as you get them, we'll disseminate
20 them to you and review them or begin to review them
21 just as we will begin to review them.
22         So you should be here not at 9:00 o'clock,
23 but I would say no later than 8:30.
24         MR. RICOTTA: Right. Judge, are you picking
25 the jury or magistrate? I know I had a couple cases

```
 1   where you used the magistrate.
 2              THE COURT:  No.  I am scheduled to pick them
 3   myself.
 4              MR. RICOTTA:  Okay.
 5              THE COURT:  I don't anticipate changing that
 6   actually.
 7              MR. RICOTTA:  All right.
 8              THE COURT:  All right.
 9              MR. RICOTTA:  Yes.
10              THE COURT:  Mr. Brown, is there anything
11   else you think we need to cover?
12              MR. BROWN:  Nothing further, your Honor.
13   Thank you very much.
14              THE COURT:  Okay.
15              MR. RICOTTA:  And can you get me --
16              MR. BROWN:  Yeah.  I'll shoot you an e-mail
17   this afternoon, Mr. Ricotta, and see when you are
18   available.
19              MR. RICOTTA:  Okay.  Sounds good.
20              THE COURT:  Mr. Ricotta, now, your client is
21   ready to go, he has no problem.  He is going to have his
22   trial in Court with video, so he doesn't have any
23   problems at all, does he?
24              MR. RICOTTA:  No, other than he wants to get
25   a bond but other than that.
```

1    THE COURT: I could understand. All right.
2 Okay. Thank you all. All right. Good bye.
3    MR. BROWN: Thank you, your Honor.
4    (Hearing concluded at 11:55 a.m.)
5              - - - - -
6            C E R T I F I C A T E
7    I, George J. Staiduhar, Official Court
8 Reporter in and for the United States District Court,
9 for the Northern District of Ohio, Eastern Division,
10 do hereby certify that the foregoing is a true
11 and correct transcript of the proceedings herein.
12
13
14
15              s/George J. Staiduhar
                George J. Staiduhar,
16              Official Court Reporter
17              U.S. District Court
                801 W. Superior Ave., Suite 7-184
18              Cleveland, Ohio 44113
                (216) 357-7128
19
20
21
22
23
24
25